UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA BOATFIELD
f/k/a DEBRA BENNETT,

    Plaintiff,

vs.   Case No.:

MIDLAND FUNDING, LLC and
POLLACK & ROSEN, P.A.,

    Defendants,
_____/

**COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action for damages brought by Plaintiff, DEBRA BOATFIELD f/k/a DEBRA BENNETT, an individual consumer, against the Defendants, MIDLAND FUNDING LLC, a foreign limited liability corporation and POLLACK & ROSEN, P.A., a Florida corporation, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, DEBRA BOATFIELD f/k/a DEBRA BENNETT (hereinafter referred to as "Plaintiff" or "BOATFIELD"), is a natural person and citizen of the State of Florida, residing in Lakeland, Polk County, Florida. BOATFILED is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, MIDLAND FUNDING, LLC (hereinafter referred to as "MIDLAND" or collectively as "Defendants") is a foreign limited liability company registered in the State of Florida with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

5. Defendant, POLLACK & ROSEN, P.A., (hereinafter referred to as "POLLACK & ROSEN" or collectively as "Defendants") is a Florida corporation, engaged in the practice of debt collection, and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) with its principal place of business located at 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

6. POLLACK & ROSEN is liable for the actions of its employee JOSEPH F. ROSEN ("ROSEN").

7. MIDLAND is liable for both the actions of POLLACK & ROSEN and ROSEN.

8. ROSEN, an employee of POLLACK & ROSEN, signed written correspondence on behalf of POLLACK & ROSEN which is the subject matter of the instant lawsuit.

9. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

10. Defendants regularly collect or attempt to collect consumer debts from other

parties. They are "debt collectors" as that term is defined in the FDCPA. See 15 U.S.C. § 1692a(6)

11.  At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

12.  Defendants sought to collect an alleged consumer debt from Plaintiff arising from a credit card allegedly entered into by Plaintiff for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) (hereafter referred to as the "Debt").

13.  It is upon information and belief that sometime thereafter, the alleged Debt was assigned, placed, or otherwise transferred and sold for ownership and service to Defendant, MIDLAND.

14.  It is upon further information and belief that sometime thereafter, the alleged Debt was placed with Defendant, POLLACK & ROSEN for collection.

15.  On September 26, 2012, Defendants caused written correspondence to be mailed to the Plaintiff.  A copy of the September 26, 2012 letter is attached and marked as Exhibit "A" (hereinafter collectively referred to as "Collection Letters").  The September 26, 2012 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16.  On or about March 7, 2013 Defendants caused written correspondence to be mailed to the Plaintiff.  A copy of the March 7, 2013 letter is attached and marked as Exhibit "B" (hereinafter collectively referred to as "Collection Letters").  The March 7, 2013 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17.     An on balanced review of the Collection Letters indicate that the correspondence was being sent from a specified law office, titled "Final Notice" and was signed by an attorney. The pertinent part of the Collection Letters to the underlying claims is as follows:

> We have already tried on several occasions to contact you regarding this debt. We have not been able to resolve the matter with you.  This is your **FINAL NOTICE** from us.  Unless we hear from you, or receive the full payment from you **IMMEDIATELY**, additional actions which might include legal action, if allowed by law, may be taken to resolve this situation.

18.     The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation.  *Ferguson v. Credit Management Control, Inc.*, 140 F. Supp. 2d 1293 (M.D. Fla. 2001); 15 U.S.C. § 1692k(a).  The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer" standard. *LeBlanc v. Unifond CCR Partners,* 601 F. 3d 1185, 1193-94 (11th Cir. 2010).

19.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are the threat to take any action that cannot legally be taken or that is not intended to be taken 15 U.S.C. § 1692e(5) and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer 15 U.S.C. §1692(10).

20.     It is upon information and belief by Plaintiff that Defendants have threatened to maintain a legal action that Defendant's cannot legally take in violation of 15 U.S.C. § 1692e(5) in that the collection of the alleged debt is barred by the applicable statute of limitations.

21.     The statement by Defendants that "*Unless we hear from you, or receive the full payment from you **IMMEDIATELY**, additional actions which might include legal action, if allowed by law, may be taken to resolve this situation*" is materially false, deceptive, and misleading in that, *inter alia*, the threat of "legal action" by Defendants coupled with the fact that the Collection Letters were being sent from a specified law office, titled "Final Notice" and was signed by an attorney.  See *Keleman v. Professional Collection Systems*, 2011 WL 31396, at *4-5 (M.D. Fla. Jan. 4, 2011) citing *Canlas v. Eskanos & Adler, P.C.*, No. C05-00375 JF, 2005 WL 1630014, at *2-3 (N.D. Cal. July 6, 2005).  Furthermore, Defendants did not contemplate taking such action at the time the Collection Letters were mailed to Plaintiff.  As of the date of the filing of this pleading, Defendants have not instituted a legal proceeding to recover or collect the alleged Debt. Such activity on the part of the Defendants is a violation of 15 U.S.C. § 1692e(5).

22.     All of the collective threats and references involving legal action and negative consequences thereof are false, deceptive, and misleading in the attempt to collect a debt in that that the threats have a tendency to confuse the consumer about their legal rights and defenses with respect to the alleged debt and creates a false sense of urgency for the consumer to take action.  This activity on the part of the Defendants is in violation of 15 U.S.C. §§ 1692e and 1692e(10).

23.     The acts and omissions of Defendants and by others employed or as agents of Defendants, who communicated with Plaintiff, as more fully described herein, were committed within the time and space limits of their employment or agency relationship with Defendants.

24.     The acts and omissions by Defendants and by others employed or as agents of Defendants, were incidental to, or of the same general nature as, the responsibilities these employees or agents were authorized to perform at the request of the Defendants.

25. By committing the above acts and omissions against Plaintiff, Defendants and the others employed or as agents of Defendants, were motivated to benefit Defendants.

26. Defendants are liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by Defendants, and by others employed or as agents of Defendants, including but not limited to violations of the FDCPA, in their attempts to collect a debt.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff incorporates Paragraphs 1 through 26.

28. The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

29. By their actions as noted, Defendants and their agents violated 15 U.S.C. § 1692e(5) by the threat to take legal action that cannot legally be taken or that is not intended to be taken.

30. By their actions as noted above, Defendants and their agents violated 15 U.S.C. § 1692e(10) by and the use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B.   Actual damages;

C.   Statutory damages pursuant to 15 U.S.C. § 1692k;

D.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E.   For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 16th day of May 2013.

**DICESARE, DAVIDSON, & BARKER, P.A.**

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff